| | |
|---|---|
| 1 | James W. Henderson, Jr., No. 071170 |
|   | Tania H. Colderbank, No. 213675 |
| 2 | **CARROLL, BURDICK & McDONOUGH LLP** |
|   | Attorneys at Law                                    OK/HAV |
| 3 | 1007 – 7th Street, Suite 200 |
|   | Sacramento, CA  95814-3409 |
| 4 | Telephone:     916.446.5297 |
|   | Facsimile:      916.446.4487 |
| 5 | |
| 6 | Attorneys for Defendant |
|   | USI ADMINISTRATORS, INC. |

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| DAMERON HOSPITAL ASSOCIATION, | No.  CIV - S- 01-1788 DFL GGH |
| Plaintiff, | **STIPULATION AND ORDER CONTINUING TRIAL DATE AND RELATED PRETRIAL DEADLINES** |
| v. | Complaint Filed: January 17, 2001 |
| USI ADMINISTRATORS, INC. and DOES 1 through 50, inclusive, | Trial Date:         June 19, 2006 |
| Defendants. | THE HONORABLE DAVID F. LEVI |

This is an action in which the plaintiff, DAMERON HOSPITAL ASSOCIATION (hereinafter "DAMERON"), seeks to recover damages for monetary amounts it claims that it was allegedly improperly required to pay for its employee health benefits program administered by the defendant USI ADMINISTRATORS, INC. (hereinafter "USIA"). Specifically, DAMERON alleges that USIA improperly calculated the amount that DAMERON paid for charges incurred through the health benefits program it provided its employees and their dependents for the years 1999 and 2000.

The claims asserted require the review of the individual medical claims for hundreds of DAMERON employees and dependents during this two-year period. USIA

CBM-SAC\SA042685.1

**STIPULATION AND ORDER CONTINUING  TRIAL DATE  (CIV-S-01-1788 DFL GGH)**

has produced thousands of pages of documents relating to the claims which it processed for DAMERON employees and dependants during the period in question. However, further investigation has revealed that additional documents need to be located and reviewed, including the actual worksheets for the individual claims when they were processed by USIA. Unfortunately, these additional records are not accessible via computer, but rather consist of the original individual invoices and worksheets generated when the billings were received by USIA. In the course of attempting to locate these documents counsel for USIA has been advised that they are most likely in a storage facility in the Stockton area. Furthermore, these records are not filed by reference to DAMERON HOSPITAL or even the name of the employee or dependent. Rather, they are intermingled with claims that USIA was processing in the Stockton office for other clients as well. Thus, these documents must be retrieved by reviewing a much larger amount of records for the period in question. The difficulties in locating and reviewing the information are further intensified by virtue of the fact that none of the individuals working in the USIA Stockton office are still employed by USIA.

As previously indicated to the Court, the parties have held a mediation hearing with John Bates of JAMS in an attempt to resolve the issues of this lawsuit. However, at the mediation it became clear that there were significant issues as to the nature and extent of the claimed overcharges and the methods for determining and calculating the alleged damages. Accordingly, it was decided at that time to continue the mediation hearing to give the parties additional time to locate additional documentary evidence and to discuss the issues with the experts. This additional work from the standpoint of the defendant included several hours of searching for original billing records in a large warehouse in Stockton.

With a focus towards the mediation, the parties have continued to refrain from formal discovery and have been voluntarily exchanging information. Samples of additional billing records for the two-year period in question have been reviewed and analyzed extensively by both sides. This process has taken additional time.

The parties had requested prior extensions from this Court to facilitate the mediation process. At the time that the last Stipulation was requested, it was indicated that the parties intended to proceed with a follow-up mediation in front of John Bates (who had previously mediated in this matter) on June 3, 2005. However, an insurance carrier for USIA had requested additional time to review the information and data relating to the case and that mediation was taken off calendar. Issues regarding coverage have subsequently arisen and defendant USIA is attempting to resolve those issues. Nevertheless, the parties have agreed to schedule a new follow-up mediation session with John Bates on May 19, 2006.

Both sides recognize that if the mediation is unsuccessful, that the discovery remaining, including expert witnesses, will be extremely costly to both sides, to say nothing of the costs of conducting a trial on this matter. If the mediation is successful, the case will of course be taken off calendar.

Accordingly, and for the reasons stated above, the parties hereby stipulate and request that the Court issue an Order amending the Court's previous Status (Pre-trial Scheduling) Order of December 7, 2001 and setting the following new dates in this matter:

|  | **Old Date:** | **New Date:** |
|---|---|---|
| **Expert Disclosure** | **December 7, 2005** | **August 9, 2006** |
| **Rebuttal Expert Disclosure** | **December 21, 2005** | **August 26, 2006** |
| **Discovery Cutoff** | **January 25, 2006** | **October 11, 2006** |
| **Last Day to File Dispositive Motions** | **March 1, 2006** | **November 22, 2006** |
| **Last Hearing Date for Dispositive Motions** | **March 29, 2006** | **December 20, 2006** |
| **Final Pretrial Conference** | **May 3, 2006** **3:00 p.m.** | **January 31, 2007** **4:00 p.m.** |
| **Trial Date** | **June 19, 2006** **8:30 a.m.** | **March 5, 2007** **8:30 a.m.** |

1 | I hereby agree to the terms of the above Stipulation.

Dated: 3/7/06          **KROLOFF BELCHER SMART PERRY and CHRISTOPHERSON**

By: /s/
Christopher H. Engh
Attorneys for Plaintiff

I hereby agree to the terms of the above Stipulation.

Dated: 3/13/06          **CARROLL, BURDICK & McDONOUGH LLP**

By: /s/
James W. Henderson, Jr.
Attorneys for Defendant

**ORDER**

It is so ordered.

DATED: 3/17/2006

DAVID F. LEVI
United States District Judge