James W. Henderson, Jr., No. 071170
Tania H. Colderbank, No. 213675
**CARROLL, BURDICK & McDONOUGH** LLP
Attorneys at Law
1007 – 7th Street, Suite 200
Sacramento, CA  95814-3409
Telephone:    916.446.5297                              **OK/HAV**
Facsimile:    916.446.4487

Attorneys for Defendant
USI ADMINISTRATORS, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| DAMERON HOSPITAL ASSOCIATION,<br><br>                Plaintiff,<br><br>        v.<br><br>USI ADMINISTRATORS, INC. and DOES 1 through 50, inclusive,<br><br>                Defendants. | No.  CIV - S- 01-1788 DFL GGH<br><br>**STIPULATION AND ORDER CONTINUING TRIAL DATE AND RELATED PRETRIAL DEADLINES**<br><br>Complaint Filed:  January 17, 2001<br>Trial Date:            March 5, 2007<br><br>THE HONORABLE DAVID F. LEVI |

This is an action in which the plaintiff, DAMERON HOSPITAL ASSOCIATION (hereinafter "DAMERON"), seeks to recover damages for monetary amounts it claims that it was allegedly improperly required to pay for its employee health benefits program administered by the defendant USI ADMINISTRATORS, INC. (hereinafter "USIA").  Specifically, DAMERON alleges that USIA improperly calculated the amount that DAMERON paid for charges incurred through the health benefits program it provided its employees and their dependents for the years 1999 and 2000.

        The claims asserted require the review of the individual medical claims for hundreds of DAMERON employees and dependents during this two-year period.  USIA

CBM-SAC\SA051390.1

1   has produced thousands of pages of documents relating to the claims which it processed

2   for DAMERON employees and dependants during the period in question.  However,

3   further investigation has revealed that additional documents need to be located and

4   reviewed, including the actual worksheets for the individual claims when they were

5   processed by USIA.  Unfortunately, these additional records are not accessible via

6   computer, but rather consist of the original individual invoices and worksheets generated

7   when the billings were received by USIA.  In the course of attempting to locate these

8   documents counsel for USIA has been advised that they are most likely in a storage

9   facility in the Stockton area.  Furthermore, these records are not filed by reference to

10   DAMERON HOSPITAL or even the name of the employee or dependent.  Rather, they

11   are intermingled with claims that USIA was processing in the Stockton office for other

12   clients as well.  Thus, these documents must be retrieved by reviewing a much larger

13   amount of records for the period in question.  The difficulties in locating and reviewing

14   the information are further intensified by virtue of the fact that none of the individuals

15   working in the USIA Stockton office are still employed by USIA.

16        As previously indicated to the Court, the parties have held several mediation

17   hearings with John Bates of JAMS in an attempt to resolve the issues of this lawsuit.

18   However, during the mediation it became clear that there were significant issues as to the

19   nature and extent of the claimed overcharges and the methods for determining and

20   calculating the alleged damages.  Accordingly, it was decided at that time to continue the

21   mediation hearing to give the parties additional time to locate additional documentary

22   evidence and to discuss the issues with the experts.  This additional work from the

23   standpoint of the defendant included several hours of searching for original billing records

24   in a large warehouse in Stockton.

25        With a focus towards the mediation, the parties have continued to refrain from

26   formal discovery and have been voluntarily exchanging information.  Samples of

27   additional billing records for the two-year period in question have been reviewed and

28   analyzed extensively by both sides.  This process has taken additional time.

1    The parties had requested prior extensions from this Court to facilitate the

2    mediation process.  At the time that the last Stipulation was requested, it was indicated

3    that the parties intended to proceed with a follow-up mediation with John Bates and

4    mediation has continued in this matter.  However, following the last mediation session,

5    new issues were presented relating to damages, which have required additional

6    investigation and analysis by the parties.  The next mediation session with Mr. Bates is

7    now scheduled for March 2, 2007.

8    In addition, issues regarding insurance coverage have arisen between USIA

9    and its insurance carrier.  USIA is currently attempting to resolve these issues.

10   Both sides recognize that if the mediation is unsuccessful, the remaining

11   discovery, including expert witnesses, will be extremely costly to both sides, to say

12   nothing of the costs of conducting a trial on this matter.  If the mediation is successful, the

13   case will of course be taken off calendar.

14   Accordingly, and for the reasons stated above, the parties hereby stipulate and

15   request that the Court issue an Order amending the Court's previous Status (Pre-trial

16   Scheduling) Order of December 7, 2001 and setting the following new dates in this

17   matter:

| | **Old Date:** | **New Date:** |
|---|---|---|
| **Expert Disclosure** | **August 9, 2006** | **August 10, 2007** |
| **Rebuttal Expert Disclosure** | **August 26, 2006** | **August 31, 2007** |
| **Discovery Cutoff** | **October 11, 2006** | **October 12, 2007** |
| **Last Day to File**<br>   **Dispositive Motions** | **November 22, 2006** | **November 21, 2007** |
| **Last Hearing Date for**<br>   **Dispositive Motions** | **December 20, 2006** | **December 19, 2007** |
| **Final Pretrial Conference** | **January 31, 2007**<br>**2:00 p.m.** | **February 1, 2008**<br>**2:00 p.m.** |
| **Trial Date** | **March 5, 2007**<br>**8:30 a.m.** | **March 10, 2008**<br>**8:30 a.m.** |

18
19
20
21
22
23
24
25
26
27
28

STIPULATION AND ORDER CONTINUING  TRIAL DATE (CIV-S-01-1788 DFL GGH)

1    I hereby agree to the terms of the above Stipulation.

2    Dated:_____        **KROLOFF BELCHER SMART PERRY and**
3                                       **CHRISTOPHERSON**

4

5                                       By:_____
6                                           Christopher H. Engh
7                                           Attorneys for Plaintiff

8    I hereby agree to the terms of the above Stipulation.

9    Dated:_____        **CARROLL, BURDICK & McDONOUGH LLP**
10

11

12                                      By:_____
13                                          James W. Henderson, Jr.
                                            Attorneys for Defendant

14

15

16
                                        **ORDER**
17

18   It is so ordered.

19   DATED: January 17, 2007

20

21                                      /s/ David F. Levi_____
                                              DAVID F. LEVI
22                                      UNITED STATES DISTRICT COURT JUDGE

23

24

25

26

27

28

CBM-SAC\SA051390.1                        -4-

STIPULATION AND ORDER CONTINUING  TRIAL DATE (CIV-S-01-1788 DFL GGH)