1  GREGORY M. HATTON, CBN # 119810
   ARTHUR R. PETRIE, CBN # 119810
2  JOHN A. McMAHON, CBN # 237261
   **HATTON, PETRIE & STACKLER APC**
3  20281 Birch Street, Suite 100
   Newport Beach, CA 92660
4  Telephone: (949) 474-4222
   Fax: (949) 474-1244
5  j_mcmahon@hattonpetrie.com

6  Attorneys for Plaintiff
   DAMERON HOSPITAL ASSOCIATION
7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10                  **SACRAMENTO DIVISION**

11

12  DAMERON HOSPITAL ASSOCIATION,  ) Case No.: 2:01 CV 01 788 JAM GGH
13                                 )
                                   ) **STIPULATION FOR ORDER CONTINUING TRIAL**
                   Plaintiff,      ) **DATE AND RELATED PRE-TRIAL DEADLINES;**
14                                 ) **FILED WITH ORDER THEREON**
15       vs.                       )
                                   ) Assigned to Hon. Judge Mendez
16  USI ADMINISTRATORS, INC. and DOES 1)
    through 50, inclusive,         ) Expert Witness Designation: June 12, 2008
17                                 ) Discovery Cut-Off: August 11, 2008
                   Defendants.     ) Trial Date: January 12, 2009
18                                 )
19                                 )
                                   )
20                                 )

21       TO THE HONORABLE COURT AND TO ALL INTERESTED PARTIES AND

22  THEIR COUNSEL OF RECORD:

23       Through this action Dameron Hospital Association ("Dameron") seeks to recover

24  damages for monetary amounts it claims that it was allegedly improperly required to pay for its

25  employee health benefits program administered by defendant USI Administrators, Inc. ("USI")

26  and its predecessor in interest Beckwith-Hightower & Renberg Insurance Services, Inc.

27  ("Beckwith").

28
                                    - 1 -
    STIPULATION AND [PROPOSED] AMENDED SCHEDULING ORDER

    CBM-SAC\SA064032.2                                    Case No.   2:01 CV 01788 JAM GGH

PDF created with pdfFactory trial version www.pdffactory.com

The Court's file will reveal that this matter was filed in January 2001 in the California Superior Court for San Joaquin County, Stockton Branch. [Document 1 on Court Docket.] Soon thereafter USI removed to this Court based on diversity jurisdiction. The Court set an initial trial date of June 23, 2003. [Document 7 on Court Docket.]

In late 2002, the parties agreed to enter into a protracted mediation effort. As part of the agreement to mediate, the parties agreed to informally share documents and data and to defer additional formal discovery. This protracted mediation effort took place between approximately late 2002 and March 2007. During this period there were three mediations at J.A.M.S. and numerous trial continuances to allow the parties to continue mediating. The last of the mediations took place in March 2007.

At the March 2007 mediation, the parties determined that an informal resolution of Dameron's claims through mediation was not possible. In August 2007 Dameron retained trial counsel (Hatton, Petrie & Stackler APC) to prepare this case for trial and formal discovery activities resumed.

Dameron's first order of business was to search for and analyze all relevant documents in Dameron's possession. These discovery efforts led to the discovery and production (in December of 2007) of some 20,000 pages of claims *reporting* documents located in Dameron's Stockton warehouse.

Between January and March of 2008, Dameron and USI engaged in a meet and confer process regarding production of *claims* documents by USI.[1] This process led to USI agreeing to

---

[1] A dispute has arisen between the Dameron and USI as to the scope of the claims at issue in this case. USI attempted to resolve this issue by means of a Motion in Limine filed on April 9, 2008 (Court Document 29). The motion challenged Dameron's ability to expand the scope of its claims outside of 1999 and 2000. USI contends that Dameron long ago limited the "at issue" claims to 1999 and 2000 "preferred provider" claims and is precluded from recovering damages for any claims outside of this period. Dameron contends that it is entitled to seek recovery for any damages relating to all claims processed from 1994 to 2001. The Motion was taken under submission by the Court on May 1, 2008 (Court Document 41) and the Court denied the Motion Without Prejudice on May 14, 2008 noting that the Defendant could re-file the Motion after the final pre-trial conference (Court Document 43).

- 2 -

PDF created with pdfFactory trial version www.pdffactory.com

make available for inspection all of its and Beckwith's claims-based documents (for all of their clients) between approximately 1994 and 2001. Culminating March 24, 2008, USI produced some 1,200 plus bankers boxes of documents. [2]

Dameron completed a "first cut" of the approximately 1,200 plus boxes of documents in its warehouse on May 15, 2008. This "first-cut" removed roughly 400 boxes of documents from consideration that did not contain Dameron-related documents.

Dameron is now in a position to engage in a significant document review project. Because Dameron and non-Dameron claims have been stored together, Dameron will need to closely review all documents in the approximately 800 plus remaining boxes. All Dameron relevant documents located in this review will need to be photocopied (or scanned and electronically stored).

Once this is completed, Dameron has agreed to produce all relevant documents to USI in electronic format. Dameron anticipates this "second cut" document review project will take at least six months. Following the "second cut," Dameron and USI will be in a position to have their experts perform an audit of the claims. These audits will require a great amount of work as it appears that the experts will have to review and analyze several thousand individual claims documents to determine if there were any processing errors.

Dameron intends to use the results of its audit as its major means of proving its damages at trial. USI intends on using its own audit as its major defense to refute that any errors were made and to determine the amount of damages, if any, Dameron is owed at trial. Dameron and USI anticipate that their audits will be completed by June 2009.

The parties also anticipate that they will want to perform additional discovery by way of interrogatories and depositions following their analysis of the claims documents. Finally, the

---

[2] These documents were produced in stored bankers' boxes as kept in the normal course of business. The bankers' boxes contain not only Dameron-related documents, but documents generated by USI and Beckwith covering an approximately eight year period for a number of other clients.

- 3 -
STIPULATION AND [PROPOSED] AMENDED SCHEDULING ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1  parties anticipate there will be significant expert witness discovery as expert testimony will be
2  crucial at trial.
3       The current trial and pre-trial schedule in this matter is as follows:
4       Expert Disclosure:                              June 12, 2008
5       Rebuttal Expert Disclosure:                     July 3, 2008
6       Discovery Cut-Off:                              August 11, 2008
7       Last Day to File Dispositive Motions:           October 1, 2008
8       Last Day to Hear Dispositive Motions:           October 29, 2008
9       Final Pre-trial Conference:                     December 5, 2008 @ 2PM
10      Trial Date:                                     January 12, 2009 @ 9:00 AM
11      With expert disclosure and the discovery cut-off looming, the parties stipulate and agree
12 that a continuance of the trial and pre-trial dates is necessary.  The parties hereto acknowledge
13 that there have previously been a number of trial continuances sought and obtained by the parties
14 hereto.  The parties also recognize that this case has been pending for quite some time.  The
15 reason for this delay, however, is that the costly investigation and discovery described above was
16 deferred between late 2002 and March 2007 while the parties, with the Court's permission,
17 pursued a resolution through mediation.  Since these mediation efforts failed, the parties have
18 been diligently prosecuting and defending this matter.
19      Despite the parties' best efforts, the reality is that, based on the large volume of
20 documents at issue, and the extensive pre-trial investigation and discovery necessary to prepare
21 this matter for trial, another trial continuance is in order.  The parties do not anticipate the need
22 for any future trial continuances.  Accordingly, for the reasons stated above, the parties hereby
23 stipulate and request that the Court issue an Order amending the Court's previous Status (Pre-
24 trial Scheduling) Order of July 31, 2007, as follows:
25 *OLD DATES*:
26 **Expert Disclosure:**                               **June 12, 2008**
27 **Rebuttal Expert Disclosure:**                      **July 3, 2008**
28

- 4 -
STIPULATION AND [PROPOSED] AMENDED SCHEDULING ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1  **Discovery Cut-Off:**                          August 11, 2008
2  **Last Day to File Dispositive Motions:**       October 1, 2008
3  **Last Day to Hear Dispositive Motions:**       October 29, 2008
4  **Final Pre-trial Conference:**                 December 5, 2008 @ 2PM
5  **Trial Date:**                                 January 12, 2009 @ 9:00 AM
6  *NEW DATES*:
7  **Expert Disclosure:**                          June 12, 2009
8  **Rebuttal Expert Disclosure:**                 July 13, 2009
9  **Discovery Cut-Off:**                          August 13, 2009
10 **Last Day to File Dispositive Motions:**       October 7, 2009 (modified by court)
11 **Last Day to Hear Dispositive Motions:**       November 4, 2009 at 9 a.m. (modified by court)
13 **Final Pre-trial Conference:**                 December 11, 2009 @ 3:00PM
14 **Trial Date:**                                 January 11, 2010 @ 8:30 AM (modified by court)

         In conclusion, the parties to this stipulation pray that the Court will enter the proposed order submitted herewith.  If, however, the Court is concerned with the progress of this matter, and wishes more information than contained in this stipulation before entering such an order, the parties pray that the Court temporarily stay the June 12, 2008 expert witness designation and set a Status Conference so that counsel can discuss these issues with the Court.

         A proposed order is being filed concurrently herewith.

         **IT IS SO STIPULATED.**

DATED: ___5/29/08_____        HATTON, PETRIE & STACKLER, APC

                                       _____/s/_____
                                       By: GREGORY M. HATTON

- 5 -
STIPULATION AND [PROPOSED] AMENDED SCHEDULING ORDER

CBM-SAC\SA064032.2

PDF created with pdfFactory trial version www.pdffactory.com                     Case No. 2:01 CV 01 788 JAM GGH

| | |
|---|---|
| 1 | Attorneys for DAMERON HOSPITAL ASSOCIATION |
| 2 | |
| 3  DATED: _____5/29/08_____ | CARROLL, BURDICK & McDONOUGH, LLP |
| 4 | _____/s/_____ |
| 5 | By: JAMES W. HENDERSON, JR.<br>Attorneys for USI ADMINISTRATORS, INC. |
| 6 | *(As Authorized on 5/29/08)* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 6 -
STIPULATION AND [PROPOSED] AMENDED SCHEDULING ORDER

CBM-SAC\SA064032.2

PDF created with pdfFactory trial version www.pdffactory.com

Case No. 2:01 CV 01 788 JAM GGH

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| DAMERON HOSPITAL ASSOCIATION,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>USI ADMINISTRATORS, INC. and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:01 CV 01 788 JAM GGH<br><br>**AMENDED PRE-TRIAL SCHEDULING ORDER** |

The Court, having reviewed the stipulation between Plaintiff Dameron Hospital Association and Defendant USI Administrators, Inc. ("USI") to continue the trial date and related pretrial deadlines, and finding good cause therefore, **IT IS HEREBY ORDERED** that the trial and pre-trial hearing dates in this matter shall be continued as follows:

*OLD DATES*:

| | |
|---|---|
| **Expert Disclosure:** | **June 12, 2008** |
| **Rebuttal Expert Disclosure:** | **July 3, 2008** |
| **Discovery Cut-Off:** | **August 11, 2008** |
| **Last Day to File Dispositive Motions:** | **October 1, 2008** |
| **Last Day to Hear Dispositive Motions:** | **October 29, 2008** |
| **Final Pre-trial Conference:** | **December 5, 2008 @ 2PM** |
| **Trial Date:** | **January 12, 2009 @ 9:00 AM** |

- 7 -

STIPULATION AND [PROPOSED] AMENDED SCHEDULING ORDER

CBM-SAC\SA064032.2

Case No. 2:01 CV 01 788 JAM GGH

PDF created with pdfFactory trial version www.pdffactory.com

*NEW DATES*:

| | |
|---|---|
| **Expert Disclosure:** | June 12, 2009 |
| **Rebuttal Expert Disclosure:** | July 13, 2009 |
| **Discovery Cut-Off:** | August 13, 2009 |
| **Last Day to File Dispositive Motions:** | October 7, 2009 (modified by court) |
| **Last Day to Hear Dispositive Motions:** | November 4, 2009 at 9 a.m. (modified by court) |
| **Final Pre-trial Conference:** | December 11, 2009 @ 3PM (modified by court) |
| **Trial Date:** | January 11, 2010 @ 8:30 AM |

**IT IS SO ORDERED.**

Dated: May 29, 2008

/s/ John A. Mendez
**HON. JUDGE JOHN A. MENDEZ,
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
CALIFORNIA**

- 8 -
STIPULATION AND [PROPOSED] AMENDED SCHEDULING ORDER

CBM-SAC\SA064032.2

Case No. 2:01 CV 01 788 JAM GGH

PDF created with pdfFactory trial version www.pdffactory.com