| | |
|---|---|
| GREGORY M. HATTON, CBN # 119810 | |
| ARTHUR R. PETRIE, CBN # 119810 | |
| JOHN A. McMAHON, CBN # 237261 | |
| **HATTON, PETRIE & STACKLER APC** | |
| 20281 Birch Street, Suite 100 | |
| Newport Beach, CA 92660 | |
| Telephone: (949) 474-4222 | |
| Fax: (949) 474-1244 | |
| j_mcmahon@hattonpetrie.com | |

Attorneys for Plaintiff
DAMERON HOSPITAL ASSOCIATION

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| DAMERON HOSPITAL ASSOCIATION, <br><br>Plaintiff, <br><br>vs. <br><br>USI ADMINISTRATORS, INC. and DOES 1 through 50, inclusive, <br><br>Defendants. | Case No.: 2:01 CV 1788 JAM GGH <br><br> **STIPULATION AND AMENDED SCHEDULING ORDER CONTINUING EXPERT DISCLOSURE AND DISCOVERY DEADLINES, ONLY** <br><br> Assigned to Hon. Judge Mendez <br><br> Expert Witness Designation: June 12, 2009 <br> Discovery Cut-Off: August 13, 2009 <br> Trial Date: January 11, 2010 |

TO THE HONORABLE COURT AND TO ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:

**I. INTRODUCTION**:

Plaintiff Dameron Hospital Association ("Dameron") filed a motion seeking a nine month continuance of the trial and all pre-trial deadlines in order to complete preparation of

- 1 -

PDF created with pdfFactory trial version www.pdffactory.com

this matter for trial. [Document 48.] On March 16, 2009, the Court issued an order denying the motion and vacating the hearing. [Document 51.] On March 19, 2009, Dameron and defendant USI Administrators, Inc. ("USI") filed a joint stipulation seeking a six month continuance of the trial and all pre-trial deadlines to complete preparation of this matter for trial. [Document 52.] On March 20, 2009, the Court issued a minute order declining to sign the proposed order submitted with the stipulation. [Document 52.]

Based on the decision of the Court not to continue the trial date, the parties to this action hereby stipulate to and request that the Court enter an order modifying the current scheduling order to allow the parties additional time to exchange expert disclosure and reports and to complete discovery. The parties seek a modified order that would set the initial expert disclosure deadline 90 days prior to trial pursuant to FRCP 26, sub. (2)(C), a rebuttal expert disclosure deadline 70 days prior to trial, and the discovery cut-off approximately 55 days prior to trial. The parties stipulate and agree that this modified scheduling order will not change the current deadlines for the filing and hearing of dispositive motions, the final pre-trial conference, and trial. The parties support this stipulation and proposed order with the good cause detailed below.

**II. GOOD CAUSE FOR A MODIFIED SCHEDULING ORDER**

Dameron seeks to recover damages for money it claims that defendant USI caused it to overpay for its employee health benefits program.

The Court's file will reveal that this matter was filed in January 2001 in the California Superior Court for San Joaquin County, Stockton Branch. [Document 1 on Court Docket.] Soon thereafter USI removed to this Court based on diversity jurisdiction. The Court set an initial trial date of June 23, 2003. [Document 7 on Court Docket.] In late 2002, the parties agreed to enter into a protracted mediation effort. As part of the agreement to mediate, the parties agreed to informally share documents and data concerning claims and to cease formal discovery. This protracted mediation effort took place between approximately late 2002 and March 2007. During this period there were

- 2 -
STIPULATION AND [PROPOSED] AMENDED SCHEDULING ORDER
CBM-SAC\SA070618.1

Case No. 2:01 CV 1788 JAM GGH

PDF created with pdfFactory trial version www.pdffactory.com

three mediations at J.A.M.S. and numerous trial continuances to allow the parties to continue mediating. The last of the mediations took place in March, 2007.

In August, 2007 Dameron retained trial counsel (Hatton, Petrie & Stackler APC) to prepare this case for trial. Between January and March of 2008, Dameron and USI engaged in a meet and confer process regarding production of claims documents by USI. USI rigorously objected to Dameron's attempt to recover claims overpayments for years preceding 1999, and initially refused to produce documents from years preceding 1999. Dameron filed a motion to compel on February 11, 2008. Dameron and USI then met to discuss a joint statement of the discovery dispute. This meeting led to USI's agreement to provide to Dameron all of USI's and its predecessor, Beckwith Hightower & Renberg Insurance Services, Inc. ("Beckwith") claims-based documents (for all of their clients) between approximately 1995 and 2001. Culminating on March 24, 2008, some 1,200-plus bankers boxes of USI documents were transferred to Dameron's Stockton storage facility. Thereafter, on April 9, 2001, USI filed a Motion in Limine seeking an order limiting the claims at issue to 1999 and 2000. [Document 29.] On May 13, 2008, the Court denied the motion without prejudice to its renewal closer to trial. [Document 42.]

Dameron engaged in a "first cut" review of the 1,200-plus boxes in its warehouse to eliminate boxes that did not appear to contain any "Dameron relevant" documents. This "first cut" resulted in a reduction of the "at issue" boxes to 800 or so. Dameron completed this "first cut" on or around June 2008.

Following completion of this "first cut," Dameron's counsel engaged in a "second cut" review to segregate the boxes containing claims documents and to organize the claims boxes by year. In August 2008 Dameron was finally in a position for its counsel to review the claims documents. The claims documents were stored by date of claims adjustment, with sub-folders broken down by individual claims adjusters containing all claims that the adjuster processed on the given day. Importantly, the Dameron self-funded health plan claims were mixed with claims

- 3 -
STIPULATION AND [PROPOSED] AMENDED SCHEDULING ORDER
CBM-SAC\SA070618.1

Case No. 2:01 CV 1788 JAM GGH

that USI had processed for several other clients. Dameron health plan claims had to be located and extracted from several tens of thousands of non-Dameron claims forms *by hand*.

As a result, Dameron's representatives have had to individually review every claims form, separate out the Dameron claims and scan and store those claims. Dameron's document review project *for just 1999 and 2000 claims documents* lasted between approximately August 2008 and January 2009.

Dameron and USI are now having experts perform respective audits of the claims for 1999 and 2000. A preliminary review of scanned documents indicates there are approximately 50,000 claims for just 1999 and 2000. Dameron's and USI's experts conservatively estimate that they will each be able to complete a partial audit of the 1999 and 2000 claims sometime in June or July 2009. Depending on the outcome of the audit, Dameron and USI may need to engage in another lengthy document review and/or further audit process. It is estimated that this additional audit would be completed in mid to late September 2009.

Dameron intends to use the results of its audit as its means of proving its damages at trial. USI intends on using its own audit as a defense to the liability and damages issues. Dameron and USI anticipate that their respective audits will be completed in mid to late September, 2009, at which time they will be in a position to prepare and produce voluminous expert reports and engage in expert witness discovery.

The current expert designation deadline is June 15, 2009. Accordingly, both USI and Dameron attest that they will not be in position to produce the detailed expert witness reports required under the FRCP and local rules at that time. They anticipate being able to make such disclosures in mid-October 2009, and therefore pray that the Court will grant them relief and extend the expert disclosure deadline into mid-October 2009.

The parties will need to perform additional discovery in the way of expert and non-expert depositions following their audits. The parties anticipate that they will be in a position to engage in and complete this discovery between September and November 2009. Because the parties will not be in a position to make expert disclosures until mid-October 2009, the parties stipulate


STIPULATION AND [PROPOSED] AMENDED SCHEDULING ORDER
CBM-SAC\SA070618.1

PDF created with pdfFactory trial version www.pdffactory.com

and agree that the current discovery cut-off should be extended until mid-November 2009 (approximately 55 days before trial).

Additionally, the parties have agreed to pursue further settlement/mediation negotiations once a substantial portion of the audits have been conducted. The parties stipulate and agree that if the current expert disclosure and discovery deadlines are not extended, that they will be forced to focus all of their resources and attention on preparing this matter for trial. The time constraints would substantially frustrate, if not make impossible, the parties' ability to take time out to meaningfully mediate and/or settle this matter prior to trial. Thus, the parties stipulate and agree that judicial resources would be benefitted by the continuance sought herein, as it would allow the parties to engage in mediation, and potentially avoid burdening the Court with a trial.

**III. THE RELIEF SOUGHT**

The current trial and pre-trial schedule in this matter sets the following deadlines regarding expert disclosure and the discovery cut-off:

| | |
|---|---|
| Expert Disclosure: | June 12, 2009 |
| Rebuttal Expert Disclosure: | July 13, 2009 |
| Discovery Cut-Off: | August 13, 2009. |

Thus, with expert disclosure and the discovery cut-off looming, the parties stipulate and agree that a continuance of the expert disclosure and discovery deadlines to a date closer to trial is necessary. As illustrated above, the parties have been diligently pursuing discovery and investigation of this matter and preparing it for trial.

Despite the parties' best efforts, however, the reality is that, based on the large volume of documents at issue, and the extensive pre-trial investigation, expert analysis and discovery necessary to prepare this matter for trial, the continuance sought here is in order. Accordingly, for the reasons stated above, the parties hereby stipulate and request that the Court issue an Order amending the Court's previous Status (Pre-trial Scheduling) Order of May 29, 2008, as follows:

PDF created with pdfFactory trial version www.pdffactory.com

|  | *OLD DATES*: | *NEW DATES:* |
|---|---|---|
| **Expert Disclosure:** | June 12, 2009 | October 13, 2009 |
| **Rebuttal Expert Disclosure:** | July 13, 2009 | November 2, 2009 |
| **Discovery Cut-Off:** | August 13, 2009 | November 16, 2009 |

The parties stipulate and agree that this modified scheduling order will not change the current deadlines for the filing and hearing of dispositive motions, the final pre-trial conference, and trial.

**IV. CONCLUSION**

In conclusion, the parties to this stipulation request that the Court enter the proposed order submitted herewith. If, however, the Court is concerned with the progress of this matter, and wishes more information than contained in this stipulation before entering such an order, the parties pray that the Court set a Status Conference either in court or telephonically so that counsel can discuss these issues with the Court.

A proposed order is concurrently submitted herewith.

**IT IS SO STIPULATED.**

DATED: March 31, 2009　　　　　　　　HATTON, PETRIE & STACKLER, APC

_____/s/_____
By: GREGORY M. HATTON
Attorneys for DAMERON HOSPITAL
ASSOCIATION

DATED: March 31, 2009　　　　　　　　CARROLL, BURDICK & McDONOUGH, LLP

_____/s/_____
By: JAMES W. HENDERSON, JR.
Attorneys for USI ADMINISTRATORS, INC.

- 6 -
STIPULATION AND [PROPOSED] AMENDED SCHEDULING ORDER
CBM-SAC\SA070618.1

Case No. 2:01 CV 1788 JAM GGH

PDF created with pdfFactory trial version www.pdffactory.com

| | |
|---|---|
| | |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| DAMERON HOSPITAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>USI ADMINISTRATORS, INC. and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:01 CV 01 788 JAM GGH<br><br>**AMENDED SCHEDULING ORDER CONTINUING EXPERT DISCLOSURE AND DISCOVERY DEADLINES, ONLY** |

The Court, having reviewed the stipulation between Plaintiff Dameron Hospital Association and Defendant USI Administrators, Inc., to continue pretrial expert disclosure and discovery deadlines, and finding good cause therefore, **IT IS HEREBY ORDERED** that the pre-trial expert disclosure and discovery deadlines dates in this matter are continued as follows:

PDF created with pdfFactory trial version www.pdffactory.com

| | | |
|---|---|---|
| 1 | *OLD DATES*: | |
| 2 | **Expert Disclosure:** | **June 12, 2009** |
| 3 | **Rebuttal Expert Disclosure:** | **July 13, 2009** |
| 4 | **Discovery Cut-Off:** | **August 13, 2009** |
| 5 | | |
| | *NEW DATES*: | |
| 6 | **Expert Disclosure:** | **October 13, 2009** |
| 7 | **Rebuttal Expert Disclosure:** | **November 2, 2009** |
| 8 | **Discovery Cut-Off:** | **November 16, 2009** |

12    **IT IS SO ORDERED.**

15    Dated: April 1, 2009          /s/ John A. Mendez
      **HON. JUDGE JOHN A. MENDEZ,**
      **UNITED STATES DISTRICT COURT**
      **FOR THE EASTERN DISTRICT OF**
      **CALIFORNIA**

PDF created with pdfFactory trial version www.pdffactory.com

*Dameron Hospital Association v. USI Administrators, Inc.*
U.S.D.C., Eastern Dist. of California, No. 2:01 CV-01-1788 JAM GGH

**CERTIFICATE OF SERVICE BY CM/ECF**

I hereby certify that on April 2, 2009, I electronically filed the foregoing **STIPULATION AND [PROPOSED] AMENDED SCHEDULING ORDER CONTINUING EXPERT DISCLOSURE AND DISCOVERY DEADLINES, ONLY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

James W. Henderson, Jr.
jhenderson@cbmlaw.com, acruickshank@cbmlaw.com

Gregory M. Hatton
g_hatton@hattonpetrie.com

John McMahon
j_mcmahon@hattonpetrie.com

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on April 2, 2009, at Sacramento, California.

_____/s/_____
AJ Cruickshank

- 9 -
STIPULATION AND [PROPOSED] AMENDED SCHEDULING ORDER
CBM-SAC\SA070618.1

Case No. 2:01 CV 1788 JAM GGH

PDF created with pdfFactory trial version www.pdffactory.com